**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Daniel Schroeder,
Plaintiff,

v.

Melissa Cain and CONTACT Modalities XPO,
Defendant.



U.S. District Court
Wisconsin Eastern

APR 22 2026

FILED
Clerk of Court

**26 -C- 7 1 0**

## 1. JURISDICTION

This is a civil action for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 et seq.

This Court has jurisdiction under 28 U.S.C. § 1338(a).

## 2. PARTIES

Plaintiff Daniel Schroeder is an individual residing in Michigan and is the owner of Dank-Media.

Defendant Melissa Cain is an individual residing in Wisconsin and operates CONTACT Modalities XPO.

## 3. FACTUAL BACKGROUND

Plaintiff is the sole creator and copyright owner of an original audiovisual work titled:

"Chris Bledsoe & Jimmy Church | Full Live Interview"

Plaintiff independently recorded the video using his own personal equipment, including cameras and recording gear, and maintains possession of all original files, including raw footage and project files.

The subject video footage was recorded May 3, 2025, prior to the execution of the independent contractor agreement referenced by Defendant.

The video was created independently by Plaintiff and was not created as a work-for-hire.

No written agreement exists transferring ownership or copyright of the video to Defendant.

Plaintiff stored and edited the footage on his personal equipment and systems.

On June 13, 2025, Plaintiff entered into a separate independent contractor agreement with Defendant. This agreement did not include any provision transferring ownership of Plaintiff's independently created video content or designating such content as a work made for hire. (see Exhibit D)

The agreement referenced only general assistance with videography and did not assign ownership of any recordings or intellectual property to Defendant.

Plaintiff was not specifically compensated for the creation of this video.

Plaintiff explicitly notified Defendant that he retained ownership of the footage and revoked any permission for its use, and Defendant did not dispute this assertion at the time. (see Exhibit E)

Defendant uploaded Plaintiff's video to YouTube without authorization.

Defendant continued to assert rights in and attempt to restore the video after Plaintiff revoked permission.

The video is located at: https://www.youtube.com/watch?v=sUvJ3p_yCVw (see Exhibit A)

Plaintiff did not grant Defendant permission to reproduce, distribute, or publicly display the video.

Plaintiff submitted a copyright takedown request, and the video was removed. (see Exhibit B)

Defendant submitted a counter-notification asserting rights to the content. (see Exhibit C)

Plaintiff disputes Defendant's claim of ownership and maintains that Defendant has no legal rights to the video.


## 4. REBUTTAL TO DEFENDANT'S CLAIMS

Defendant has asserted that she owns the video based on Plaintiff's role as an event coordinator and an independent contractor. This assertion is incorrect as a matter of law and fact.

Plaintiff's role with Defendant's organization did not constitute a work made for hire with respect to the video at issue. The video was independently recorded by Plaintiff using his own personal equipment and was not created pursuant to any written agreement designating it as a work made for hire under 17 U.S.C. § 101.

The independent contractor agreement referenced by Defendant was executed after the video footage had already been recorded. The agreement contains no provision stating that any audiovisual works created by Plaintiff would be considered works made for hire, nor does it contain any assignment or transfer of copyright ownership to Defendant.

2

To the extent Defendant claims ownership based on payments made to Plaintiff, such payments were not made pursuant to any agreement transferring copyright ownership, and no written instrument exists assigning Plaintiff's rights in the video to Defendant.

Defendant's reference to communications regarding uploading the video to Defendant's YouTube channel reflects, at most, a limited, non-exclusive, and revocable permission to use the work, and does not constitute a transfer of ownership or exclusive rights under copyright law.

Defendant's assertion that Plaintiff was obligated to provide copies of the video files does not establish ownership of the underlying copyrighted work and, at most, raises a separate contractual issue that does not affect Plaintiff's copyright ownership.

At no time did Plaintiff execute any written agreement transferring or assigning copyright ownership of the video to Defendant, as required under 17 U.S.C. § 204(a).

Accordingly, Defendant's claim of ownership is unsupported, and her use of the video constitutes unauthorized infringement of Plaintiff's exclusive rights.

## 5. CLAIM FOR COPYRIGHT INFRINGEMENT

Defendant has infringed Plaintiff's exclusive rights under 17 U.S.C. § 106 by reproducing, distributing, and publicly displaying the copyrighted work without authorization.

Defendant's actions constitute infringement under 17 U.S.C. § 501.

Defendant's actions are ongoing and will continue unless restrained by this Court.

## 6. DAMAGES AND RELIEF

Plaintiff has suffered damages as a result of Defendant's unauthorized use of the work including loss of control over the distribution of the work and potential reputational harm.

Plaintiff seeks:

1. A preliminary and permanent injunction preventing Defendant from using, reproducing, or distributing the video

2. Actual damages in an amount to be determined at trial

3

3. Any additional relief the Court deems just and proper

**SIGNATURE:** _Daniel Schroeder_     **Date:** _4/16/2026_

Daniel Schroeder
619 13th Ave
Menominee, MI 49858

danschroederusa@gmail.com

(414) 690-4337

4